UNITED STATES BANKRUPTCY COURT
DISTRICT OF NEW JERSEY

**SCARINCI HOLLENBECK, LLC**
**DAVID EDELBERG, ESQ.**
150 Clove Road, 9th Floor.
Little Falls, New Jersey 07424
(201) 896-7701 (Tel)
(201) 896-8660 (Fax)
dedelberg@sh-law.com
*Proposed Counsel for E&M Bindery, Inc.*

**Order Filed on December 16, 2025**
**by Clerk,**
**U.S. Bankruptcy Court**
**District of New Jersey**

In re:

    E&M BINDERY, INC.,

                Debtor.

Chapter 11 (Subchapter V)

Case No. 25-22444(SLM)

Honorable Stacey L. Meisel

## ORDER AUTHORIZING THE SALE OF CERTAIN OF THE DEBTOR'S ASSETS FREE AND CLEAR OF LIENS, CLAIMS AND ENCUMBRANCES AND GRANTING RELATED RELIEF

The relief set forth on the following pages, numbered two (2) through thirteen (13), is

hereby **ORDERED**.

**DATED: December 16, 2025**

_Stacey L. Meisel_
Honorable Stacey L. Meisel
United States Bankruptcy Judge

(Page 2)
Debtor:        E&M Bindery, Inc.
Case No.:      25-22444(SLM)
Caption:       Order Authorizing the Sale of Certain of the Debtor's Assets, Free and Clear of
               Liens, Claims and Encumbrances, and Granting Related Relief

---

**THIS MATTER,** having been presented to the Court by E&M Bindery, Inc., the debtor and debtor in possession in the above-captioned case (the "**Debtor**"), by and through its attorneys, Scarinci Hollenbeck, LLC, upon the filing of a motion for the entry of an order authorizing a private sale (the "**Sale**") of certain of the Debtor's assets (the "**Assets**"), free and clear of liens, claims, interests and encumbrances, and for related relief [Docket No. 10] (the "**Motion**")[1] to Bind-Rite Services, Inc. (the "**Purchaser**"), pursuant to the Asset Purchase Agreement dated December 9, 2025, by and between the Purchaser and the Debtor (the "**APA**"), attached hereto as **Exhibit A**, and due and proper notice of the Motion and related matters before the Court in this case having been given; and the Court having considered the moving papers and opposition thereto, if any; and oral argument, if any; and good and sufficient cause existing for the granting of the relief as set forth herein,

**THE COURT MAKES THE FOLLOWING FINDINGS OF FACT AND CONCLUSIONS OF LAW:**

A.     **Findings of Fact and Conclusions of Law**.  This Order (this "**Sale Order**") will be deemed to incorporate any findings of fact and conclusions of law pursuant to Bankruptcy Rule 7052 and the hearing to consider entry of this Sale Order.  In addition, the findings and conclusions set forth herein constitute this Court's findings of fact and conclusions of law pursuant to Bankruptcy Rule 7052, made applicable to this chapter 11 case pursuant to Bankruptcy Rule 9014. To the extent that any of the following findings of fact constitute conclusions of law, they are

---

[1] Capitalized terms used but not defined herein have the meanings ascribed to them in the Motion.

(Page 3)
Debtor:        E&M Bindery, Inc.
Case No.:     25-22444(SLM)
Caption:      Order Authorizing the Sale of Certain of the Debtor's Assets, Free and Clear of
              Liens, Claims and Encumbrances, and Granting Related Relief

---

adopted as such. To the extent any of the following conclusions of law constitute findings of fact,

they are adopted as such.

      B.     **Final Order**.  This Sale Order constitutes a final and appealable order within the

meaning of 28 U.S.C. § 158(a).

      C.     **Notice**.  Full and adequate notice of the Motion has been afforded to all interested

parties.

      D.     **Title in the Assets.**  The Debtor has the right to sell its interest in the Assets, since

the Assets constitute property of the Debtor's estate and title thereto is vested in the Debtor's estate

within the meaning of section 541(a) of the Bankruptcy Code.

      E.     The transaction being proposed by the Debtor was negotiated at arm's length and

in good faith.

      F.     **Good Faith Purchaser**.  The Purchaser is a good faith purchaser for value pursuant

to section 363(m) of the Bankruptcy Code and, as such, the sale of the Assets is entitled to all of

the protections afforded thereby.  The Purchaser is acting and will act in good faith within the

meaning of section 363(m) of the Bankruptcy Code in closing the transaction(s) contemplated by

in the APA for Sale (the "**Closing**").

      G.     **Power and Authority**.  The Debtor has full corporate power and, subject to entry

of this Sale Order, authority to execute and deliver the APA and to perform all of its respective

obligations thereunder, and the sale of the Assets has been duly and validly authorized by all

corporate authority necessary to consummate the Sale.  No consents or approvals, other than as

(Page 4)
Debtor:     E&M Bindery, Inc.
Case No.:   25-22444(SLM)
Caption:    Order Authorizing the Sale of Certain of the Debtor's Assets, Free and Clear of
            Liens, Claims and Encumbrances, and Granting Related Relief

expressly provided for in the APA and the entry of this Sale Order, are required by the Debtor to consummate the Sale.

H.    **No Fraudulent Transfer**.  The Sale is not for the purpose of hindering, delaying, or defrauding creditors under the Bankruptcy Code or under the laws of the United States, any state, territory, or possession thereof, or the District of Columbia.  Neither the Debtor nor the Purchaser has entered into the APA or is consummating the Sale with any fraudulent or otherwise improper purpose.

I.    **Binding Agreement and Sale Order**. The APA is a valid and binding contract between the Debtor and the Purchaser and will be enforceable pursuant to its terms. The APA and the Sale itself, and the consummation thereof, will be, to the extent provided in the APA, specifically enforceable against and binding upon (without posting any bond) the Debtor, and will not be subject to rejection or avoidance by the foregoing parties or any other person.  The terms and provisions of this Sale Order shall be binding in all respects upon, and shall inure to the benefit of, the Debtor, its estate, and its creditors (whether known or unknown) and holders of equity interests in the Debtor, any holders of claims against or on all or any portion of the Assets and each of their respective affiliates, successors, and assigns (provided, affiliates of the Purchaser shall be bound only to the extent expressly set forth in the APA), and any affected third parties (collectively, the "**Bound Parties**"), notwithstanding any subsequent appointment of any trustee, examiner, or receiver under the Bankruptcy Code or any other law, and all such provisions and terms shall likewise be binding on such trustee, examiner, receiver, party, entity, or other fiduciary under the Bankruptcy Code or any other law with respect to any of the Bound Parties, and all such

(Page 5)

| | |
|---|---|
| Debtor: | E&M Bindery, Inc. |
| Case No.: | 25-22444(SLM) |
| Caption: | Order Authorizing the Sale of Certain of the Debtor's Assets, Free and Clear of Liens, Claims and Encumbrances, and Granting Related Relief |

terms shall likewise be binding on such trustee, examiner, receiver, party, entity, or other fiduciary, and shall not be subject to rejection or avoidance by the Debtor, its estate, its creditors or any trustee, examiner, receiver, party, entity, or other fiduciary. The provisions of this Sale Order and the terms and provisions of the APA will survive the entry of any order that may be entered confirming or consummating any chapter 11 plan of the Debtor, dismissing this chapter 11 case, or converting this chapter 11 case to a case under chapter 7. The rights and interests granted pursuant to this Sale Order and the APA will continue in this or any superseding case and will be binding upon the Debtor and all other parties that received notice of the Motion (whether actual or constructive), and their respective successors and permitted assigns including, without limitation, any trustee, party, entity, or other fiduciary hereafter appointed as a legal representative of the Debtor under chapter 7 or chapter 11 of the Bankruptcy Code. Any trustee appointed for the Debtor under any provision of the Bankruptcy Code, whether the Debtor is proceeding under chapter 7 or chapter 11 of the Bankruptcy Code, will be authorized and directed to perform under the APA and this Sale Order without the need for further order of the Court.

**IT IS HEREBY ORDERED AS FOLLOWS**:

1.      The Motion is **GRANTED** as set forth herein.

2.      **Objections Overruled**.  All formal and informal objections and responses to the Motion, the APA, the Sale, this Sale Order or the relief granted herein (including all reservation of rights included therein) that have not been overruled, withdrawn, waived, settled, or otherwise resolved, are hereby overruled and denied on the merits with prejudice.

(Page 6)
Debtor:       E&M Bindery, Inc.
Case No.:     25-22444(SLM)
Caption:      Order Authorizing the Sale of Certain of the Debtor's Assets, Free and Clear of
              Liens, Claims and Encumbrances, and Granting Related Relief

3.      The sale of the Debtor's right, title, and interest in the Assets to Purchaser pursuant to the terms and conditions set forth in the APA is hereby approved.

4.      The Debtor is hereby authorized and directed to execute such necessary and appropriate documents in order to effectuate the aforesaid Sale and to take any and all actions necessary and appropriate to cause the Debtor to (a) consummate the APA, (b) sell the Assets (as defined in the APA) to Purchaser for the Purchase Price (as defined in the APA) of $575,500 set forth in the APA, in accordance with the terms of this Sale Order and the APA, and (c) otherwise implement and effectuate the terms of the Sale and the APA.

5.      Pursuant to sections 105(a), 363(b), and 363(f) of the Bankruptcy Code, upon the Closing, all of the Debtor's right, title, and interest in and to, and possession of, the Assets shall be transferred to the Purchaser, free and clear of any and all liens, claims, encumbrances, and other interests (collectively, "**Interests**"), with all such Interests to attach to the proceeds of the Sale in the order of their priority, with the same force, effect, and validity that they had immediately prior to the entry of this Sale Order, subject to any rights, claims, or defenses the Debtor may have with respect thereto.   The record and transcript of the hearing(s), if any, and all findings and determinations of this Court are hereby incorporated herein.

6.      Concurrently with the Closing of the Sale or as soon thereafter as is possible, the Debtor is authorized and directed to pay, from the proceeds of the Sale, the following amounts:

   a.   $57,550 to MidAmerica Equipment Solutions, LLC;

   b.   $402,300 to Milberg Factors, Inc. ("**Milberg**"); and

(Page 7)
Debtor: E&M Bindery, Inc.
Case No.: 25-22444(SLM)
Caption: Order Authorizing the Sale of Certain of the Debtor's Assets, Free and Clear of Liens, Claims and Encumbrances, and Granting Related Relief

---

c. $7,650 to Debtor's proposed counsel, Scarinci Hollenbeck, LLC ("**SH**"), to be held in escrow in the firm's attorney trust account for professional fees.

Pending further order of the Court, $108,000 of the Purchase Price paid to the Debtor upon the Closing of the Sale shall be held by the Debtor in a segregated account and held in escrow by the Debtor (the "**Reserve**"), and the claims of any and all parties asserting priority over the liens and claims of Milberg shall be subject to the scheduling of a further hearing at which time any party asserting priority shall provide evidence satisfactory to this Court as to its priority; provided, however, that any party seeking entry of an order confirming such priority must do so on reasonable notice to all parties-in-interest, and all parties-in-interest reserve all rights to (i) seek adjudication of the priority or validity of any particular lien asserted against the Reserve; and (ii) object to the release of proceeds from the segregated account. Notwithstanding anything to the contrary in the Motion, the Debtor shall not pay any equipment lessors at Closing from the proceeds of the Sale.

7. If any party claiming priority over Milberg's claims wishes to negotiate a compromise of its claim with the Debtor in order to save the cost and expenses of litigation, the Debtor is authorized to pay up to fifty percent (50%) of the party's claim with the saving divided equally between Debtor and Milberg, and, in the case of Debtor, to be held in escrow in SH's attorney trust account for professional fees, and, in the case of Milberg, going to further paydown the Milberg indebtedness if still outstanding.

8. Except to the extent expressly provided herein, notwithstanding the relief granted in this Sale Order and any actions taken pursuant to such relief, nothing in this Sale Order shall be

(Page 8)
Debtor:      E&M Bindery, Inc.
Case No.:    25-22444(SLM)
Caption:     Order Authorizing the Sale of Certain of the Debtor's Assets, Free and Clear of
             Liens, Claims and Encumbrances, and Granting Related Relief

---

deemed: (a) an admission as to the validity of any prepetition claim, interest, or lien against Debtor;

(b) a waiver of the Debtor's or any other party in interest's rights to dispute any prepetition claim,

interest, or lien on any grounds; (c) a promise or requirement to pay prepetition claims; (d) a waiver

of the obligation of any party in interest to file a proof of claim; (e) an authorization to assume any

prepetition agreement, contract, or lease pursuant to section 365 of the Bankruptcy Code; or (f) a

waiver of the Debtor's or any other party in interest's rights under the Bankruptcy Code or any

other applicable law.

9.      **Approval**. The APA and all ancillary documents related thereto are hereby

approved and authorized in all respects, and the Debtor and the Purchaser are hereby authorized,

empowered, and directed to fully perform under, consummate, and implement the terms of the

APA and to execute, deliver, and perform under, any and all additional instruments and documents

that may be reasonably necessary or desirable to implement and effectuate the terms of the APA

and this Sale Order and to take all further actions as may reasonably be requested by the Debtor

or the Purchaser for the purpose of assigning, transferring, granting, conveying, and conferring to

the Purchaser all of the Assets, as may be necessary or appropriate to the performance of the

Debtor's obligations as contemplated by the APA, without any further corporate action or orders

of the Court.  The Debtor is authorized to make such modifications or supplements to any bill of

sale or other document or instrument executed or to be executed in connection with the Closing to

facilitate such consummation as contemplated by the APA.

10.     **Good Faith Purchaser**. The Purchaser is a good faith purchaser of the Assets and

is hereby granted and entitled to all of the protections provided to a good faith purchaser under

(Page 9)
Debtor:      E&M Bindery, Inc.
Case No.:    25-22444(SLM)
Caption:     Order Authorizing the Sale of Certain of the Debtor's Assets, Free and Clear of
             Liens, Claims and Encumbrances, and Granting Related Relief

section 363(m) of the Bankruptcy Code.  Pursuant to section 363(m) of the Bankruptcy Code, if

any or all of the provisions of this Sale Order are hereafter reversed or modified by a subsequent

order of the Bankruptcy Court or any other court, such reversal or modification will not affect the

validity and enforceability of any sale, transfer, or assignment under the APA or obligation or right

granted pursuant to the terms of this Sale Order (unless stayed pending appeal prior to the Closing

Date), and notwithstanding any reversal or modification, any sale, transfer, or assignment will be

governed in all respects by the original provisions of this Sale Order and the APA, as the case may

be.

11.    **Section 363(n) of the Bankruptcy Code**. Neither the Debtor nor the Purchaser has

engaged in any conduct that would cause or permit the APA to be avoided or costs and damages

to be imposed under section 363(n) of the Bankruptcy Code.  Accordingly, the APA and the Sale

will not be avoidable under section 363(n) of the Bankruptcy Code, and no party will be entitled

to any damages or other recovery pursuant to section 363(n) of the Bankruptcy Code in respect of

the APA or the Sale.

12.    The Debtor is hereby authorized and directed to cooperate with the Purchaser as

reasonably requested by the Purchaser and take all actions and execute all documents which the

Purchaser reasonably and in good faith determines are necessary or desirable to ensure that the

Sale is consummated in accordance with the APA.

13.    **Valid Transfer**. Effective as of the Closing, the sale and assignment of the Assets

by the Debtor to the Purchaser will constitute a legal, valid, and effective transfer of the Assets,

notwithstanding any requirement for approval or consent by any person, and shall vest the

(Page 10)

Debtor:      E&M Bindery, Inc.
Case No.:    25-22444(SLM)
Caption:     Order Authorizing the Sale of Certain of the Debtor's Assets, Free and Clear of
             Liens, Claims and Encumbrances, and Granting Related Relief

---

Purchaser with all right, title, and interest of the Debtor in and to the Assets, free and clear of all

Interests pursuant to section 363(f) of the Bankruptcy Code, with all such Interests to attach to the

proceeds of the Sale in the order of their priority, with the same force, effect, and validity that they

had immediately prior to the entry of this Sale Order.  Upon the occurrence of the Closing, this

Sale Order will be considered and constitute for any and all purposes a full and complete general

assignment, conveyance, and transfer of the Assets to the Purchaser pursuant to the APA and/or a

bill of sale or assignment transferring indefeasible title and interest in the Assets.

14.     **Free and Clear**. Upon the occurrence of the Closing, the Debtor will be, and hereby

is, authorized, empowered, and directed, pursuant to sections 105, 363(b), and 363(f) of the

Bankruptcy Code, to sell, assign, convey, and transfer the Assets to the Purchaser.  The sale and

assignment of the Assets to the Purchaser pursuant to the APA vests the Purchaser with all right,

title, and interest of the Debtor in and to such Assets free and clear of any and all Interests, and

other liabilities of any kind or nature whatsoever.  The Motion will be deemed to provide sufficient

notice as to the sale and assignment of the Assets free and clear of all Interests.

15.     The provisions of this Sale Order authorizing the sale and assignment of the Assets

free and clear of Interests will be self-executing, and, except as required by the APA, the Debtor

and the Purchaser will not be required to execute or file releases, termination statements,

assignments, consents, or other instruments in order to effectuate, consummate, and implement the

provisions of this Sale Order.

16.     **No Successor Liability**. Effective upon the Closing, all persons and entities are

forever prohibited and enjoined from commencing or continuing in any manner any action or other

(Page 11)

Debtor:       E&M Bindery, Inc.
Case No.:     25-22444(SLM)
Caption:      Order Authorizing the Sale of Certain of the Debtor's Assets, Free and Clear of
              Liens, Claims and Encumbrances, and Granting Related Relief

proceeding, whether in law or equity, in any judicial, administrative, arbitral, or other proceeding against the Purchaser, or its assets (including the Assets), with respect to any (i) Interests or (ii) successor or transferee liability, in each case, relating to the Assets, including, without limitation, the following actions with respect to clauses (i) and (ii):

a) commencing or continuing any action or other proceeding pending or threatened;

b) enforcing, attaching, collecting or recovering in any manner any judgment, award, decree or order;

c) creating, perfecting or enforcing any Interest;

d) asserting any setoff, right of subrogation, or recoupment of any kind; or

e) commencing or continuing any action, in any manner or place, that does not comply with, or is inconsistent with, the provisions of this Sale Order or other orders of this Court, or the agreements or actions contemplated or taken in respect hereof.

17.    Except as otherwise expressly provided in the APA, no person or entity, including without limitation, any federal, state, or local governmental agency, department, or instrumentality, shall assert by suit or otherwise against the Purchaser or its successors or assigns any claim they had, have, or may have against the Debtor, or any liability, debt, or obligation relating to or arising from the Assets, and all persons and entities are hereby enjoined from asserting against the Purchaser in any way any such claims, liabilities, debts, or obligations.

18.    **<u>Failure to Specify Provisions</u>**. The failure to specifically include any particular provisions of the APA or any related agreements in this Sale Order will not diminish or impair the effectiveness of such provision, it being the intent of the Bankruptcy Court, the Debtor, and the Purchaser that the APA and any related agreements are authorized and approved in their entirety

(Page 12)
Debtor:       E&M Bindery, Inc.
Case No.:     25-22444(SLM)
Caption:      Order Authorizing the Sale of Certain of the Debtor's Assets, Free and Clear of
              Liens, Claims and Encumbrances, and Granting Related Relief

with such amendments thereto as may be made by the parties in accordance with this Sale Order.

Likewise, all of the provisions of this Sale Order are nonseverable and mutually dependent.

19.     **Binding Order**. This Sale Order and the APA shall be binding upon and govern the acts of all persons and entities, including, without limitation, the Debtor, the Purchaser, and their respective successors and permitted assigns, including, without limitation, any trustee appointed in this chapter 11 case or hereinafter appointed if the case is converted to one under chapter 7, all creditors of the Debtor (whether known or unknown), all governmental units, filing agents, filing officers, title agents, recording agencies, governmental departments, secretaries of state, federal, state, and local officials, and all other persons and entities who may be required by operation of law, the duties of their office or contract, to accept, file, register, or otherwise record or release any documents or instruments or who may be required to report or insure any title in or to the Assets. The APA and the Sale shall not be subject to rejection or avoidance under any circumstances. This Sale Order and the APA shall inure to the benefit of the Debtor, its estate, their creditors, the Trustee the Purchaser and their respective successors and assigns.

20.     **No Stay of Order; No Just Reason for Delay**. The provisions of Bankruptcy Rules 6004 and 6006, and to the extent applicable under the Bankruptcy Rules, Rule 62(a) of the Federal Rules of Civil Procedure, staying the effectiveness of this Sale Order are hereby waived, and this Sale Order shall be effective and enforceable immediately upon entry and its provisions shall be self-executing.  Further, to the extent Rule 54(b) of the Federal Rules of Civil Procedure is applicable to the Sale Order, the Court determines that there is no just reason for delay and directs that the Sale Order shall constitute a final judgment.  Any party who has objected to this Sale Order

(Page 13)
Debtor:        E&M Bindery, Inc.
Case No.:      25-22444(SLM)
Caption:       Order Authorizing the Sale of Certain of the Debtor's Assets, Free and Clear of
               Liens, Claims and Encumbrances, and Granting Related Relief

must exercise due diligence in filing an appeal, pursuing a stay and obtaining a stay prior to the

Closing, or risk its appeal being foreclosed as moot.

21.     **Governing Terms**. To the extent there are any inconsistencies between this Sale

Order, the Motion, and the APA (including all ancillary documents executed in connection

therewith), this Sale Order shall control.

22.     **Headings**. The headings in this Sale Order are for purposes of reference only and

will not limit or otherwise affect the meaning of the Sale Order.

23.     The Court retains exclusive jurisdiction over the parties and with respect to all

matters arising from or related to the implementation, interpretation, and enforcement of the APA,

the Sale, and this Sale Order.

**<u>EXHIBIT A</u>**

**APA**

EXECUTION VERSION

# ASSET PURCHASE AGREEMENT

**THIS ASSET PURCHASE AGREEMENT** (this "**Agreement**") dated as of December 9, 2025, by and between E&M BINDERY, INC. a New Jersey corporation (the "**Seller**"), and BIND-RITE SERVICES, INC., a New Jersey corporation (the "**Purchaser**"). The Purchaser and Seller are sometimes referred to in this Agreement together as the "**Parties**" and individually as a "**Party**."

## RECITALS

**WHEREAS,** on November 21, 2025, Seller filed a voluntary petition for relief under chapter 11 of title 11 of the United States Code (the "**Bankruptcy Code**") in the United States Bankruptcy Court for the District of New Jersey (the "**Bankruptcy Court**"), commencing a bankruptcy case styled *In re E&M Bindery, Inc.*, Case No. 25-22444 (SLM) (the "**Bankruptcy Case**"); and

**WHEREAS**, Seller desires to sell, assign, transfer, and convey to Purchaser, and Purchaser desires to purchase and acquire from Seller the assets set forth on Exhibit A attached hereto ("**Assets**") on the terms and subject to the conditions set forth in this Agreement; and

**WHEREAS**, the execution and delivery of this Agreement and Seller's ability to consummate the transactions set forth in this Agreement are subject to, among other things, entry of an order of the Bankruptcy Court, pursuant to section 363 of the Bankruptcy Code, approving the sale of the Assets to the Purchaser free and clear of liens, claims, encumbrances, and interests of any kind (the "**Sale Order**").

**NOW, THEREFORE**, in consideration of the mutual covenants, agreements, representations and warranties contained herein and other good and valuable consideration, the receipt and sufficiency of which is hereby acknowledged, the Parties, intending to be legally bound, agree as follows:

1.      **Purchase and Consideration.**  On the terms and subject to the conditions and other provisions set forth in this Agreement, Purchaser hereby agrees to purchase and acquire of all of Seller's right, title and interest in and to the Assets, subject to the terms of this Agreement, and in consideration therefor, at the Closing (as defined herein) Purchaser will pay to Seller, in immediately available funds by wire transfer, $575,500.00 USD ("**Purchase Price**"), subject to the terms of this Agreement.  At the Closing, Seller shall execute and deliver to Purchaser a Bill of Sale in the form attached hereto as Exhibit B.  Seller represents and warrants to Purchaser that, subject to liens in favor of Milberg Factors, an Internal Revenue Service lien and the claims of various equipment lessors (collectively, the "**Existing Claims and Liens**"), it has good and valid title to the Assets, free and clear of any and all liens, liabilities, right of first refusal, rights of third parties, charges, restrictions, licenses, claims, encumbrances, mortgages, pledges, and security interests; *provided, however*, the Parties acknowledge that an essential condition of the transfer of the Assets to Purchaser pursuant to this Agreement and the Sale Order is that the transfer shall be free and clear of the Existing Claims and Liens, which is a condition to Closing.  Within three (3) business days after the signing of this Agreement by both parties, Purchaser shall wire a deposit

of $56,700 ("**Deposit**") to the attorney trust account of Seller's lawyer ("Escrow Agent"), to be held in escrow in such account pending Closing.  In the event of Purchaser's breach of this Agreement, the Deposit will be retained by Seller.  In the event of Seller's breach of this Agreement, the Deposit shall be fully refundable to Purchaser. .  At the Closing, Escrow Agent shall release the Deposit to Seller, which shall be applied as a credit against the Purchase Price due from Purchaser.

2.     **No Assumption Liabilities or Obligations**. Purchaser is not acquiring or assuming, in any manner whatsoever, any liabilities or obligations of Seller or the Seller's business.  In addition, Seller represents and warrants that Purchaser shall not be responsible for any broker or finder fees, all of which, if any, shall be borne by Seller as and when due.

3.     **Closing; Taking Possession of Assets; Termination**.

a.  The closing of the transactions contemplated by this Agreement (the "**Closing**") shall take place on the date that is the next business day following the date that the Sale Order becomes final and non-appealable. Until the Closing occurs, Seller shall maintain the Assets in the ordinary course consistent with Seller's past practice and shall not take any action to diminish or adversely impact the condition of such Assets.  Seller shall immediately notify Purchaser in writing if there occurs a material adverse effect, loss or casualty concerning the Assets prior to Closing.

b.  Promptly following the Closing (not later than five (5) business days thereafter), Seller shall provide reasonable access to Purchaser upon reasonable notice and at reasonable times (such access to be provided without any cost to Purchaser and entirely at Seller's expense) at time(s) reasonably requested by Purchaser, enabling Purchaser to take possession thereof, including by coordinating with Seller's landlord or any other applicable third parties to permit Purchaser such access.  Purchaser shall remove the Assets (at Purchaser's sole expense) from their current location and be responsible for the actual, out of pocket cost to repair any property damage directly caused by Purchaser to the building in which the Assets are currently being kept; *provided, however*, (i) in making such repairs, Purchaser shall only be required to repair such damages to the extent necessary to restore such property to the condition in which Purchaser found it (and not to repair to a new condition or higher standard of repair); and (ii) Purchaser shall not be required to repair any structural supports, pads, reinforcements, improvements and the like to the extent supporting the Assets, the installation of the Assets, or the fixing of the Assets to the building or the flooring, all of which shall be the responsibility of Seller if Seller desires or is required by its landlord to repair same.  Purchaser will be responsible for hammering down or removing any lag bolts relating to removal of the Assets.  Purchaser shall have thirty (30) days from the Closing to remove and take possession of the Assets.

c. This Agreement shall terminate, at Purchaser's option upon written notice to Seller's lawyers, in the following circumstances:

   i. There is a material adverse effect, loss, or casualty concerning the Assets, individually or in the aggregate;

   ii. Seller does not, within two days following the signing hereof, file a motion with the Bankruptcy Court seeking approval of this Agreement and the transactions contemplated hereby, and entry of the Sale Order; or

   iii. The Closing has not occurred by January 31, 2026.

d. If this Agreement is terminated pursuant to Section 3(c), Purchaser shall have no liability whatsoever to Seller and the Deposit, without any offset, setoff or reduction of any kind, shall be returned to Purchaser within three (3) business days of Purchaser delivering written notice of such termination to Seller's lawyer.

4.      **Free and Clear of Liens, Claims and Encumbrances.** The Assets will be sold to Purchaser pursuant to the Sale Order authorizing conveyance of the Assets free and clear of any and all liens, liabilities, right of first refusal, rights of third parties, charges, restrictions, licenses, claims, encumbrances, mortgages, pledges, and security interests.

5.      **No Representations or Warranties Regarding Condition of Assets.**  As a material part of the consideration for this Agreement, Seller and Purchaser agree that Purchaser is taking the Assets "AS IS" "WHERE IS".

6.      **Bankruptcy Court Approval.**  This Agreement is subject to entry of the Sale Order in the Bankruptcy Case and such Sale Order becoming final and non-appealable.  The Sale Order shall be in form and substance acceptable to Purchaser.

7.      **Entire Agreement.**  This Agreement represents the entire agreement and understanding between the Parties regarding the sale and purchase of the Assets and supersedes any and all prior representations, warranties, agreements and understandings, whether written or oral, concerning the sale and/or purchase of the Assets.

8.      **No Oral Modification.**  This Agreement may only be amended in writing signed by both Parties.

9.      **Construction.**  This Agreement will be construed without regard to any presumption or other rule requiring construction against the Party causing the document to be drafted.

10.      **Severability.**  If any term, condition or other provision of this Agreement is held, by any court of competent jurisdiction, to be invalid or unenforceable, the remaining terms,

conditions and other provisions of this Agreement will remain in full force and effect. Any term, condition or other provision of this Agreement that is held, by any court of competent jurisdiction, to be invalid or unenforceable only in part or only in degree will remain in full force and effect to the extent not held invalid or unenforceable.

11. **Assignment.** Neither this Agreement nor any of the rights, interests or obligations of either Party under this Agreement may be assigned or delegated by the Party without the prior written consent of the other Party to this Agreement (such consent to not be unreasonably withheld). This Agreement applies to, is binding in all respects upon and inures to the benefit of each of the Parties and the heirs, successor and assigns of a Party.

12. **Expenses.** Except as otherwise provided herein, each Party will bear its own respective fees and expenses, including fees of attorneys or other professional advisors, incurred in connection with the preparation, negotiation, execution and performance of this Agreement and the consummation of the transactions contemplated by this Agreement.

13. **Governing Law; Submission to Jurisdiction.** The Bankruptcy Court will retain exclusive jurisdiction to adjudicate matters arising under or in connection with this Agreement. This Agreement is to be governed by and construed in accordance with the internal laws of the State of New Jersey.

14. **Voluntary Execution of Agreement**. This Agreement is executed voluntarily and without any duress or undue influence on the part or on behalf of the Parties hereto. The Parties have had the opportunity to consult with whatever professionals they deem necessary and appropriate to advise them concerning the transaction proposed herein.

15. **Due Execution; Validly Binding Agreement.** The Parties have all necessary power and authority to enter into this Agreement. This Agreement has been duly authorized, executed and delivered and constitutes a legal, valid and binding obligation of the Parties, enforceable against them in accordance with its terms.

16. **Counterparts.** This Agreement may be executed in counterparts, each of which is deemed an original, but all of which together will be deemed to be one and the same agreement. A signed copy of this Agreement delivered by facsimile, e-mail or other means of electronic transmission (including DocuSign) will be deemed to have the same legal effect as delivery of an original signed copy of this Agreement.

**[SIGNATURE PAGE FOLLOWS]**

4

**IN WITNESS WHEREOF**, this Agreement has been executed by the Parties as of the date and year provided above.

**PURCHASER**
BIND-RITE SERVICES, INC.

**SELLER**
E&M BINDERY, INC.

By: _____
Name: THOMAS GRAZIANO
Title: PRESIDENT

By: _____
Name:
Title:

*[Signature Page to Asset Purchase Agreement]*

**IN WITNESS WHEREOF**, this Agreement has been executed by the Parties as of the date and year provided above.

**PURCHASER**
BIND-RITE SERVICES, INC.

**SELLER**
E&M BINDERY, INC.

By: _____

By: _____

Name: _____

Name: Gary Markovits

Title: _____

Title: President

*[Signature Page to Asset Purchase Agreement]*

42012/0020-51773111v5

## <u>EXHIBIT A</u>

## <u>ASSETS</u>

1. All of the Seller's customer lists and relationships and records relating thereto including without limitation, mailing addresses, electronic mail addresses, phone numbers customer purchasing histories and price lists.

2. The equipment described on the list attached hereto.

| Assets being purchased from E&M | | | | | |
|---|---|---|---|---|---|
| **Description** | **Year** | **Model #** | **S/N** | **Price By Tom** | |
| **Bind Rite Final Purchases** | | | | | |
| | | | | Addendum "A" | |
| | | | | | |
| 54" Polar Cutter w/ Joggers and Transomat | 2000 | 137ED | 7041343 | $  17,500.00 | |
| Polar Jogger | 2006 | RA-4 | 7093231 | $   3,500.00 | |
| Transomat Off  (w Polar s/n 7041343 | 1997 | 2ER110-4 | 6793068 | $   3,500.00 | |
| Jogger IS | 1980 | API724 | 8 1050 | $     500.00 | |
| Jogger IS | 1980 | AP28 | 8140 | | |
| Primera C130 Stitcher w/ 7 ea.  379 Feeder Pockets w/ Signature Cameras, 3 ea. 1528& 1 ea. 1529 Cover Feeders, 449 Three Knife, 1540 Apollo Stacker, | 2012 | Primera C130 | MMZ01770149 | $ 155,000.00 | |
| Rima Systems Stacker | 2003 | 251012S | 107405-01 | $   2,500.00 | |
| 10 Regular Muller Martini Heads | | | | **$   5,000.00** | |
| MBO Knife Folder | 2000 | Z-2 | G 7444 | $   2,500.00 | |
| MBO Knife Folder | 2000 | Z-2 | 81021 | $   2,500.00 | |
| Stahl - 6/6 plate PI folder | | RI-55 | 250699-286739 | $  15,000.00 | |
| Stahl - 6/6 plate PI folder | | RI-55 | 250707-287751 | $  15,000.00 | |
| Stahl - 6/4 plate PI Folder | | RI-55.1 | 251746-306713 | $  10,000.00 | |
| Stahl Heavey Score/Slit Three Knife | | MWS-78-RE.D | 704186 | $  10,000.00 | |
| Stahl | | Knife VFZ-43 | 43457-17924 | $   2,500.00 | |
| Stahl Knife Folder | 2006 | VFZ-52 | 1224417738 | $   5,000.00 | |
| | | | | | |
| Bobst Die Cutter SP 102-E 28 x 40 | 1998 | SP 102 EII | 5320046003 | $  55,000.00 | |
| 40" Moll Bottom Feeder | 2015 | 26-55-6190CE | BF1012-40-15 | $  30,000.00 | |
| Moll Versa Fold | | Versa Fold | 460 | | |
| 40" Moll Bottom Feeder | 2020 | 08-11041CE | PSC36-100620 | $  30,000.00 | |
| Moll Versa Fold | | 26-558190CE | 141 | | |
| Moll Perf n Crease Unit | 2020 | 08-11041CE | PCS36-1006-20 | $  10,000.00 | |
| Nordson Pro Blue 10 with 6 Heads & Controler w/ Parts | 2005 | Pro Blue 10 | 11000377 | $   2,000.00 | |
| Nordson Pro Blue 7 with 4 Heads & Controler w/ Parts | 2005 | Pro Blue 7 | SA13J98047 | $   2,000.00 | |
| Nordson Pro Blue 10 with 6 Heads & Controler w/ Parts | 2007 | Pro Blue 10 | | $   2,000.00 | |
| Nordson Pro Blue 6 with 4 Heads & Controler w/ Parts | 2007 | Pro Blue 10 | | $   2,000.00 | |
| Nordson Pro Blue 10 with 6 Heads & Controler w/ Parts | 2010 | Pro Blue 10 | 77572 | $   2,000.00 | |
| Multi-Feeder MFT350 IP | | MFT-350 V | 1139-08550 | $   3,000.00 | |
| Multi-Feeder MFT350 IP | | MFP 350 IP | 0712-06395 | $   3,000.00 | |
| Multi-Feeder MFT250 IP | | MFP 250 IP | 0929-08223 | $   3,000.00 | |
| Multi-Feeder MFT250 IPV3 | | | | $   3,000.00 | |
| | | | | | |
| 2-Doubble Wide Batch Counting Conveyor Tables | | | | $   3,000.00 | |
| Kirk Rudy 215 Accu Card Tipping Doubble Headed w/ Batching conveyor | | 203PP | | $   5,000.00 | |

| Assets being purchased from E&M | | | | | |
|---|---|---|---|---|---|
| | | | | | |
| **Description** | **Year** | **Model #** | **S/N** | **Price By Tom** | |
| | | | | | |
| Shanklin HS1 Auto Shrinkwrapper | 2000 | HS1 | H9913 | $    8,000.00 | |
| Shanklin T-62 Double Oven Tunnel | 2000 | T-62 | T-99268 | $    2,000.00 | |
| Garrido Semi-auto Shrinkwrapper w/ Tunnel | 2019 | | | $    1,500.00 | |
| DPI-Hawk M6 with table and 2 Feeders | | | | $  35,000.00 | |
| HP 8 Headed inkjet Base /w/ Batching Conveyor | | | | $    5,000.00 | |
| **HP 8 headedInkjet, Bases & Batching Conveyors Shuttle & Stream feeder** | | | | **$    4,000.00** | |
| DIDDIE 24 STATION COLLATOR | 1983 | GA-64-B16 | 20-599 | $           - | |
| DIDDIE 16 STATION COLLATOR | 1980 | GA-64-B16 | 20-358 | $    1,000.00 | |
| DIDDIE 20 STATION COLLATOR | 1984 | GA-64-B20 | 20-360 | $    1,000.00 | |
| DIDDIE 20 STATION COLLATOR | 1985 | GA-64-B20 | 20-422 | $    1,000.00 | |
| 4 Stitching Units for Corner Stitching | | | | NC | |
| | | | | | |
| Rilcart DP4500 & B599 Punch & Bind | 2005 | DP-400 & B599 | P0118/B9-0158 | $  65,000.00 | |
| James Burn B843H Wire-O | 2004 | BB43H | 5058N | $    6,000.00 | |
| James Burns Lhermite EX-610 Auto Punch W/board feeder | 2000 | EX610 | 38 | $  12,000.00 | |
| **4 EX610 Dies** | | | | **$    4,000.00** | |
| JBI EPX-710 Hand Punch 24" | 1995 | EPX-700 | 95 | $    1,000.00 | |
| 8-GBC Comb Binders | 1980 | GBC | | NC | |
| Frightliner Tanden Axle Truck | 2020 | M2106 | | $  24,000.00 | |
| | | | | | |
| | | | | | |
| Equiptment TO GO TO Bind Rite | | | **Total** | **$ 575,500.00** | |

Page 2 of 2

**EXHIBIT B**

**BILL OF SALE**

**BILL OF SALE**

**THIS BILL OF SALE** is made and delivered this [•] day of [•], [•], by the undersigned, E&M BINDERY, INC., a New Jersey corporation ("Seller"), pursuant to the terms of that certain Asset Purchase Agreement dated as of December 9, 2025 (the "Purchase Agreement"), by and between BIND-RITE SERVICES, INC., a New Jersey corporation ("Buyer"), and Seller, the terms of which are herein incorporated by reference.  In consideration of the Purchase Price set forth in the Purchase Agreement and other good and valuable consideration, all as more particularly set forth in the Purchase Agreement, the receipt and sufficiency of which is hereby acknowledged, Seller does hereby sell, assign, transfer, convey and deliver unto the Buyer all of Seller's right, title, and interest in and to the Assets, pursuant to an Order of the United States Bankruptcy Court entered on December [•], 2025 in Seller's Chapter 11 case, case number 25-22444(SLM), free and clear of all liens, liabilities, right of first refusal, rights of third parties, charges, restrictions, licenses, claims, encumbrances, mortgages, pledges, and security interests.

**TO HAVE AND TO HOLD** the same unto the said Buyer, its successors and assigns.

Capitalized terms used but not defined herein shall have the meanings ascribed to them in the Purchase Agreement.

Seller does hereby agree to execute and deliver such further instruments of conveyance, transfer and assignment and to take such other and further actions as the Buyer reasonably may request more effectively to convey, transfer and assign any of the Assets and to confirm title thereto.

This Bill of Sale is delivered in connection with the Purchase Agreement and is subject to and shall be governed by the terms and conditions thereof.  Nothing contained in this Bill of Sale shall be deemed to modify, amend or supersede any of the terms or conditions of the Purchase Agreement.  In the event of any ambiguity or inconsistency between the terms hereof and the terms of the Purchase Agreement, the terms of the Purchase Agreement shall prevail.

This Bill of Sale shall be governed by and construed in accordance with the laws of the State of New Jersey applicable to contracts made and performed in such State.

This Bill of Sale shall be binding upon and inure to the benefit of the parties to the Purchase Agreement and hereto and their representatives, successors and assigns.

[REMAINDER OF PAGE INTENTIONALLY LEFT BLANK]

**IN WITNESS WHEREOF**, the party hereto has executed this Bill of Sale as of the date first above written.

E&M BINDERY, INC.,
a New Jersey corporation

By:_____
Name: _____
Title: _____

[Bind-Rite – E&M - Signature Page to Bill of Sale]