**CHIESA SHAHINIAN & GIANTOMASI PC**
105 Eisenhower Parkway
Roseland, New Jersey  07068
(973) 530-2076
Sam Della Fera, Jr. (sdellafera@csglaw.com)
*Attorneys for WEA Enterprises Co., Inc.*

UNITED STATES BANKRUPTCY COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| In re: | Chapter 11 |
| E&M BINDERY, INC., | Case No. 25-22444 (SM) |
| Debtor. | Hearing Date:  June 23, 2026 at 11:00 a.m. |

**MOTON TO DISALLOW PROOF OF CLAIM NO. 14
FILED BY GARY R. MARKOVITS**

WEA Enterprises Co., Inc. ("WEA"), by its undersigned counsel, hereby objects to and moves to disallow the proof of claim filed by Gary R. Markovits [Claim No. 14] (the "Claim"), and respectfully states:

**BACKGROUND**

1.      WEA, the Debtor's former landlord, is a creditor and party in interest herein; it holds both prepetition and post-petition claims against the Debtor's estate.  See Claim No. 17 and Claim No. 23.

2.      Mr. Markovits is the Debtor's sole principal.  On January 27, 2026, he filed the Claim, signed under penalty of perjury, in the amount of $1,248,805.29.  Fewer than 10 weeks earlier, on the November 21, 2025 petition date herein, the Debtor had filed its schedules.  [ECF No.1].  Those schedules, also signed by Mr. Markovits under penalty of perjury, assert that he was

4909-4616-6956.v1

owed only $590,507.00 on the petition date.[1]  As set forth below, it appears that even that amount is significantly overstated.

3.        Specifically, on its face, the basis of the Claim is described as "*Capital* or *Equity* Loans to Co."  Claim at 2 (emphasis added).  The attachments to the Claim include a schedule of "Gary's Equity input over time," which between April 6, 2005, and February 23, 2024 totals $1,132,061.50 and is characterized as "Total Equity Paid in."  Id. at 4-5 of 75.  With very few exceptions,[2] the images of the checks from Mr. Markovits made payable to the Debtor, and other documentation, attached to the Claim beginning at page 10 of 75, reference "Add'l Paid In Capital," further clarifying that these payments were capital contributions or equity infusions made by the Debtor's sole principal.

### OBJECTION TO THE CLAIM

4.        Section 502(a) of the Bankruptcy Code states that "a claim … proof of which is filed under section 501 of this title, is deemed allowed, unless a party in interest … objects."  11 U.S.C. § 502(a).  With exceptions not relevant here, Bankruptcy Code section 502(b) provides that "if such objection to a claim is made, the court, after notice and a hearing, shall determine the amount of such claim … as of the date of the filing of the petition, and shall allow such claim in such amount …."  11 U.S.C. § 502(b).

---

[1] The Claim in the filed amount is classified among the allowed claims in Class 5 of the Debtor's Small Business Plan of Liquidation (the "Plan").  See Plan [ECF No. 129] at Exh. A, page 7 of 17.

[2] The only attachments to the Claim that reference a loan rather than paid in capital are the checks, notes and deposit slips dated July 18, 2019 ($10,000) (page 10 of 75); July 1, 2029 ($10,000) (page 11 of 75); January 28, 2019 ($25,000) (page 13 of 75); September 26, 2018 ($6,500) (page 16 of 75); September 4, 2018 ($10,500) (page 17 of 75); July 14, 2014 ($5,000) (page 31 of 75); July 9, 2014 ($10,000) (page 31 of 75); and July 25, 2014 ($20,000) (Page 69 of 75).  If these were truly loans, the amounts total only $97,000.

4909-4616-6956.v1

5.     WEA objects to the Claim because, on its face and as sworn by Mr. Markovits, it is not an allowable claim as defined in the Bankruptcy Code; rather, at best, the amounts set forth represent interests of Mr. Markovits in the Debtor.

6.     As in the case of In re Georgetown Bldg. Assocs., Ltd. P'ship, "[t]he evidence is overwhelming that the [transfers to the Debtor by Mr. Markovits] represented equity contributions, not debt." 240 B.R. 124, 137 (Bankr. D. D.C. 1999) (cited in In re SubMicron Systems Corp., 432 F.3d. 448, 455 (3d. Cir, 2006)).  As a result, the amounts set forth in the Claim should be classified as interests in the Debtor, as that term is used in the Bankruptcy Code, instead of as an allowed claim.  Id.

7.     The term "interest" is not defined by the Bankruptcy Code , but it is understood to mean an equity interest in the debtor.  Norwest Bank Worthington v. Ahlers, 485 U.S. 197 (1988). "An equity interest is an ownership interest in the debtor with all of the rights to payment from the debtor's estate arising from equity contributions to the debtor."  Georgetown Bldg. Assocs., 240 B.R. at 138.  "Although 11 U.S.C. §§ 101(5) and 101(12) define 'claim' as a right to payment and 'debt' as liability on a claim, these definitions obviously do not include a right to payment based on an equity security or other interest in the debtor arising from capital contributions."  Id. at 139.

8.     "The Bankruptcy Code contemplates that holders of equity interests are not entitled to participate as meaningfully in a bankruptcy case as are holders of claims for debts owed," like WEA.  Id. (footnote omitted).  "It is incumbent upon the bankruptcy court to make a determination in the case whether a particular obligation is an equity interest obligation or instead a debt obligation."  Id.

9.     "Authority to treat advances by a debtor's principal as equity interests arising from capital contributions, and not debt, even where promissory notes exist, is well-supported by case

3

law." Id. at 137. To disallow the claim, neither WEA nor the Court need to resort to the

subordination provisions of Bankruptcy Code section 510 or an adversary proceeding pursuant to

Rule 7001(h) of the Federal Rules of Bankruptcy Procedure because

> "if a particular advance is a capital contribution, it never becomes a claim.
> The debt-versus-equity inquiry is not an exercise in *recharacterizing* a
> claim, but of *characterizing* the advance's true character. If the advance is
> not a claim to begin with, then equitable subordination never comes into
> play."

Id. (emphasis in original).

### **CONCLUSION**

10. Based upon the foregoing, WEA submits that the Claim should be disallowed, and

the Court should characterize the amounts owed to Mr. Markovits as among his interests in the

Debtor.

Respectfully submitted,

**CHIESA SHAHINIAN & GIANTOMASI PC**
*Attorneys for WEA Enterprises Co., Inc.*


By: _____ */s/ Sam Della Fera, Jr.* _____
Dated: May 18, 2026                    Sam Della Fera, Jr.

4

4909-4616-6956.v1